UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 07 CR 694-1 |
| vs. ) | |
| ) | Chief Judge James F. Holderman |
| ARTUR FLASZ ) | |

GOVERNMENT'S UNOPPOSED MOTION FOR AN
EXTENSION OF TIME WITHIN WHICH TO SEEK AN INDICTMENT

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, hereby moves this Court, pursuant to 18 U.S.C. § 3161(h)(8), for a 30-day extension of time, up to December 24, 2007, within which to seek an indictment, and states as follows:

1.   On October 25, 2007, the United States filed a criminal complaint charging ARTUR FLASZ and ADAM BOJDA with bank fraud, in violation of 18 U.S.C. § 1344 (a copy of the complaint is attached hereto).  FLASZ was arrested on October 25, 2007, and he currently is detained at the MCC.  BOJDA has not been arrested and has not appeared in court; he is a fugitive.

2.   Under the Speedy Trial Act, an indictment must be filed within 30 days of the defendant's arrest.  18 U.S.C. § 3161(b).  Since FLASZ was arrested on October 25, 2007, the 30-day indictment deadline expires on November 24, 2007.

3.   The government now seeks a 30-day extension of that November 24 deadline, up to December 24, 2007, pursuant to 18 U.S.C. § 3161(h)(8). Section 3161(h)(8) provides that a judge may grant a continuance and exclude the resulting

period of delay "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Among the factors which the Court should consider in determining whether to grant such a continuance are the following:

> (i)     Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii)    Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section;
>
> (iii)   Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex; and
>
> (iv)    Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(8)(B).

4.      In this case, the government seeks an extension of the indictment deadline for at least two of the reasons listed above: (a) because of the nature and complexity of the prosecution, it is unreasonable to expect return and filing of the indictment, and to expect adequate preparation for pretrial proceedings or for the trial

itself, within the time limits established by the Speedy Trial Act; and (b) the failure to grant such a continuance would deny the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

     5.    As detailed in the attached criminal complaint, this case involves an extensive scheme to acquire expensive vehicles and property through fraudulent means. The defendants used straw buyers to apply for loans to pay for the vehicles and property, and to sign all of the sales transaction paperwork, and then the defendants took control over the vehicles and property. The defendants sought to ship the vehicles overseas. To date, the government has taken custody of more than 20 vehicles which appear to have been acquired by fraud, and is examining multiple suspicious real estate transactions, totaling millions of dollars. Not all of these transactions are referenced in the complaint; there are others which are still under investigation. Moreover, the named defendants do not appear to have been the only participants in the alleged fraud scheme, and the government is continuing its investigation of other individuals who may have knowingly participated in the scheme. One or more of these participants may not be in the United States. Files of auto dealers, auto and home lenders, and title insurance companies are being examined to determine whether and when false representations may have been made and by whom. This case not only involves a large volume of financial transactions and documents, there were a number of conversations recorded during the investigation. Those conversations were recorded in a foreign language (Polish), which is an added complication.

6. An additional factor warranting an extension of the indictment deadline is set forth in a sealed Attachment filed contemporaneously with this motion. The government respectfully requests that the Attachment be filed and maintained under seal so as not to compromise its ongoing investigation.

7. Counsel for FLASZ has informed the undersigned Assistant U.S. Attorney that he does not oppose this motion for a 30-day extension of the indictment deadline for the reasons set forth in the Attachment.

8. For the reasons set forth above and in the Attachment, the requested extension of time would serve the ends the justice, while not impairing the interests of the public or the defendant in a speedy trial.

WHEREFORE, the government respectfully requests that the Court enter an order granting the government's unopposed motion for a 30-day extension of time within which to seek an indictment, up to December 24, 2007. A draft order is submitted with this motion.

    Respectfully submitted,

    PATRICK J. FITZGERALD
    United States Attorney

By:    s/Brian R. Havey
    BRIAN R. HAVEY
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-2065

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 694-1 |
| vs. | ) | |
| | ) | Chief Judge James F. Holderman |
| ARTUR FLASZ | ) | |

O R D E R

On consideration of the Government's Unopposed Motion for an Extension of Time Within Which to Seek an Indictment, and the government's separate Attachment filed under seal, the Court hereby FINDS that the ends of justice served by the requested extension of time outweigh the best interests of the public and the defendant in a speedy trial for the following reasons:

1. Due to the nature and complexity of the prosecution, it is unreasonable to expect return and filing of the indictment, and to expect adequate preparation for pretrial proceedings or for the trial itself, within the time limits established by the Speedy Trial Act, 18 U.S.C. § 3161(b); and

2. The failure to grant such a continuance would deny the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Accordingly, the Court hereby grants the government's motion and ORDERS that the deadline by which an indictment must be filed shall be extended up to December 24, 2007. Time is excluded pursuant to 18 U.S.C. § 3161(h)(8)(A).

                                                  JAMES F. HOLDERMAN
                                                  Chief Judge
                                                  United States District Court

Date: _____

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the following documents:

> GOVERNMENT'S UNOPPOSED MOTION FOR AN EXTENSION OF TIME WITHIN WHICH TO SEEK AN INDICTMENT, and a draft ORDER,

were served on November 14, 2007, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

s/Brian R. Havey
BRIAN R. HAVEY
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-2065
